IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOG BODENE,

    Plaintiff,

vs.                                                                      Civ. No. 03-210 JP/RLP

MOTOR VEHICLE DIVISION,
Department of Taxation and Revenue,
State of New Mexico, JEMEZ SPRINGS
MUNICIPAL COURT, City of Jemez
Springs, New Mexico,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On February 13, 2003, Plaintiff, Dog Bodene, filed a *pro se* action against the Motor Vehicle Division and Jemez Springs Municipal Court. (Doc. No. 1). On April 18, 2003, after Plaintiff failed to respond to Defendants' motions to dismiss, the Court granted Defendants' motions to dismiss on their merits and because the local rule D.N.M.L.R-Civ. 7.1(b) deemed Plaintiff's failure to respond as consent to grant Defendant's motions. (Doc. No. 10). On June 2, 2003, Plaintiff filed a Motion to Vacate Order of Dismissal and a Memorandum Brief in Support of Motion to Vacate Order of Dismissal. (Doc. No. 15). Plaintiff's motion should be denied.

Plaintiff appears to set forth two arguments. First, Plaintiff argues that the Court's Order of Dismissal is void because the Court wrongfully extended its jurisdiction beyond its constitutional authority. Second, Plaintiff alleges that the Court treasonously delayed mailing him the Order of Dismissal so as to deprive him of an opportunity to appeal. It appears that Plaintiff bases his motion on Fed. R. Civ. P. 60(b)(4) and (6). After careful consideration of Plaintiff's

arguments under Fed. R. Civ. P. 60(b)(4) and (6), the Court determines that Plaintiff's motion should be denied.

Rule 60(b)(4) allows a party to seek relief from a final order if the judgment is void. In order to render a judgment void under Rule 60(b)(4), a party must show that the court lacked jurisdiction over the subject matter or the parties, or acted in a manner inconsistent with due process of law. *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979). Such a showing has not been made in this case.

Plaintiff appears to argue under Rule 60(b)(4) that the Court should not have applied the *Younger* doctrine in his "unusual situation" where immediate irreparable injury to Plaintiff would result. Plaintiff fails to elucidate what immediate irreparable injury he suffered or will suffer from the Court's application of the *Younger* doctrine. Plaintiff cites to three cases to show the Court overstepped its jurisdiction to issue the Order of Dismissal: *Marbury v. Madison*, 5 U.S. 137 (1803), *V.T.A. Inc.*, 597 F.2d 220, 224 (10th Cir. 1979), and *In re Four Seasons Securities Law Litigation*, 502 F.2d 834, 842 (10th Cir. 1974). However, Plaintiff neglects to show how this precedent applies to his case. The Court's actions under the Federal Rules of Civil Procedure and the *Younger* doctrine conformed to accepted precedent, and Plaintiff presents no evidence otherwise. Therefore, contrary to the Plaintiff's contention, granting the Order of Dismissal was not outside of the Court's jurisdiction or contrary to The Constitution of the United States.

Rule 60(b)(6) provides that a party may seek relief from a final order for "any other reason justifying relief from the operation of the judgment." District courts may grant a Rule 60(b)(6) motion only in "extraordinary circumstances" and only when such action is necessary to accomplish justice. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988).

Because Plaintiff has not established why voiding the Order of Dismissal is necessary to accomplish justice, the Court will deny the Motion to Vacate the Order of Dismissal.

Plaintiff argues that the Court either delayed mailing the Order of Dismissal to him or failed to mail it entirely. By making this assertion, Plaintiff may be attempting to bring a motion for a new trial under Fed. R. Civ. P. 59. The Court notes that there was no trial.

The law presumes receipt of a properly addressed piece of mail where the item is properly addressed, has sufficient postage, and is deposited in the mail. *Moya v. U.S.*, 35 F.3d 501, 504 (10th Cir. 1994). That a letter was placed in the mail may be proved by circumstantial evidence including customary mailing practices used in the sender's business and testimony that letter was seen in envelope and sealed. *Davis v. U.S. Postal Service*, 142 F.3d 1334 (10th Cir. 1998). The trier of fact resolves the credibility issue of whether a letter was received. *Witt v. Roadway Exp.*, 136 F.3d 1424, (10th Cir. 1998).

By responding to the Order of Dismissal and referencing it in his motion, Plaintiff indicates that he has indeed received a copy of the Order of Dismissal. In addition, the Court's records indicate that the order was sent to each party. The Court possessed Plaintiff's address as Plaintiff provided in his pleadings. The Defendant received a copy of the order according to the Court's customary mailing practices. Considering the Court's customary mailing practices, it is likely that Plaintiff timely received his copy of the Order of Dismissal under the mailbox rule. Therefore, Plaintiff's assertion that he has not received a copy of the Order of Dismissal is not credible, and the Court will presume that the Plaintiff received a copy of the Order of Dismissal as did Defendant. Even if the Court were to consider Plaintiff's motion one for a new trial timely filed

under Fed. R. Civ. P. 59, Plaintiff's arguments supporting his Motion to Vacate Order of Dismissal are not worthy of any relief from the Order of Dismissal under Rule 59.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Vacate Order of Dismissal, Doc. No. 15, is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE